CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRIAN FARABEE,** | ) | CASE NO. 7:16CV00325 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **HAROLD CLARKE, ET AL.** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendants.** | ) | |

Plaintiff Brian Farabee, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging among other things that administrators of the Virginia Department of Corrections ("VDOC") had wrongfully incarcerated him under prison conditions that aggravated his long-standing mental health problems and caused him to harm himself. On August 10, 2016, the court received and docketed Farabee's motion for preliminary injunctive relief, seeking immediate transfer from Red Onion State Prison to a mental health treatment facility. The court directed the Office of the Attorney General ("OAG") to respond to Farabee's motion, and an attorney in that office has now filed a motion to hold Farabee's motion for preliminary relief in abeyance, pending his return to Red Onion. The court concludes that this motion must be dismissed as moot, because Farabee's motion for preliminary injunction is moot.

The OAG motion states that on August 11, 2016, authorities transferred Farabee from Red Onion to the Virginia Peninsula Regional Jail ("VPRJ"), where he is presently confined. Farabee's most recent mailing to the court also listed VPRJ as his return address. Virginia state court records indicate that Farabee was scheduled for court appearances before the Circuit Court for the City of Williamsburg and County of James City on August 15, September 7, and November 16, 2016, for matters related to Case No. CR99010472-03. Farabee's mental health

file, including information about his mental health diagnoses and treatment, was transferred with him from Red Onion to VPRJ. The motion states, therefore, that OAG staff do not currently have access to Farabee's mental health records and cannot adequately investigate the allegations in his motion or prepare a response as the court directed. After Farabee's court proceedings are concluded in November 2016, it is expected that he will be returned to Red Onion, although officials there do not know when that transfer will occur. Based on this information, the motion requests that the time to respond to Farabee's motion be held in abeyance.

As the record now indicates that Farabee is not presently confined at Red Onion, the court concludes that his pending motion for preliminary relief must be dismissed as moot, because he is not currently subject to the conditions at Red Onion that he feared might cause him to harm himself or others in August 2016. See Love v. Walker, 896 F.2d 546, at *1 (4th Cir. 1990) (affirming dismissal of motion for preliminary injunction as moot upon finding plaintiff inmate was "no longer incarcerated at either of the facilities where the conduct at issue allegedly occurred") (unpublished) (citing Magee v. Waters, 810 F.2d 451 (4th Cir. 1987); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977)). As such, the motion from the OAG is also moot. An appropriate order will enter this day.

Plaintiff may re-file this action at a later time, if he feels the circumstances so warrant. In this respect, the court notes that plaintiff's mental health record will be much more complete after his state proceedings are concluded.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff and to the OAG.

ENTER: This 8th day of September, 2016.

*/s/ Jon Conrad*
Chief United States District Judge

2