CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 05 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN FARABEE, | ) | Civil Action No. 7:16-cv-00325 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Brian Farabee, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Presently before the court is Plaintiff's "motion for injunctive relief by declaratory judgment," which the court construes as a motion for a temporary restraining order ("TRO").

Plaintiff had been found not guilty by reason of insanity and civilly committed to the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("Commissioner") for treatment, but he has since been transferred into the custody of the Virginia Department of Corrections ("VDOC") due to the revocation of a suspended sentence in November 2015. Plaintiff does not believe that his present confinement in the VDOC is conducive to his physical, emotional, and psychological health, and he asks to serve his sentence in the custody of the Commissioner instead.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). A court may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"[1] Fed. R. Civ. P. 65(b)(1)(A). A movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 19-22 (2008).

After weighing these considerations, the court finds that Plaintiff is not entitled to a TRO. Plaintiff does not demonstrate the likelihood of immediate and irreparable harm before the defendants file an answer, and Plaintiff does not establish that he is likely to succeed on the merits of his claims. For example, Plaintiff asserts rights afforded detainees under the Fourteenth Amendment, but he acknowledges he is a prisoner subject to the Eighth Amendment's cruel and unusual punishments clause. Furthermore, Plaintiff asserts supervisory liability claims against defendant Eric Madsen, a psychologist, for events that occurred in 2009 and 2012, but he commenced this action in 2016. While Plaintiff would prefer to receive counseling instead of medications, a prisoner's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

The balance of equities presently tips in defendants' favor because they are more able than Plaintiff or the court to presently decide how to allocate resources to monitor and treat Plaintiff's physical, emotional, and mental needs. Involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security

---

[1] Plaintiff did not certify in writing any effort he made to give a defendant notice of the motion for a TRO, and he did not explain why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B); see Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer).

and order and operating institution in manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials).  The public's interest is better served by not presently interfering with penal administration.  Accordingly, Plaintiff's motion for a TRO is denied.

ENTER: This 2nd day of December, 2016.

/s/ Michael F. Urbanski
_____
United States District Judge

3