CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 18 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN FARABEE, ) | Civil Action No. 7:16-cv-00325 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| HAROLD CLARKE, et al., ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Brian Farabee, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Defendants have responded to the second amended complaint with a motion for summary judgment supported by affidavits. Plaintiff argues that defendants, who are associated with the Virginia Department of Corrections ("VDOC"), denied him adequate treatment, forcibly administered medication, unlawfully restrained and imprisoned him, denied him the freedom to associate, and discriminate against him on account of a disability. Presently before the court is Plaintiff's motion for a preliminary injunction.

Plaintiff had been found not guilty by reason of insanity and civilly committed to the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("Commissioner") for treatment, but he has since been transferred into the custody of the VDOC due to the revocation of a suspended sentence in November 2015. Plaintiff does not believe that his present confinement in the VDOC is conducive to his physical, emotional, and psychological health, and he asks to serve his sentence in the custody of the Commissioner instead.

A preliminary injunction is an extraordinary and drastic remedy. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A movant must establish four elements before a preliminary injunction may issue: (1) he is likely to succeed on the merits; (2) he is likely to

suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20.

After weighing these considerations, the court finds that Plaintiff is not entitled to a preliminary injunction. Plaintiff does not demonstrate the likelihood of immediate and irreparable harm before resolution of the motion for summary judgment, and Plaintiff does not establish that he is likely to succeed on the merits of his claims. For example, Plaintiff asserts rights afforded detainees under the Fourteenth Amendment, but he acknowledges he is a prisoner subject to the Eighth Amendment's cruel and unusual punishments clause. While Plaintiff would prefer to receive counseling instead of medications, a prisoner's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Moreover, defendants explain that Plaintiff failed to exhaust administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a).

The balance of equities presently tips in defendants' favor because they are more able than Plaintiff or the court to presently decide how to allocate resources to monitor and treat Plaintiff's physical, emotional, and mental needs. Involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). The public's interest is better served by not presently interfering with penal administration, especially in a case, like here, involving the mental health treatment and physical safety of an inmate who repeatedly harms himself. Accordingly, Plaintiff's motion for a preliminary injunction is denied.

**ENTER**: This 18 day of April, 2017.

/s/ Michael F. Urbanski
              United States District Judge