CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN FARABEE, ) | Civil Action No. 7:16-cv-00325 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HAROLD CLARKE, et al., ) | By: Hon. Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

Brian Farabee, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against defendants associated with the Virginia Department of Corrections ("VDOC") and the Marion Correctional Treatment Center ("MCTC").[1] Currently pending is Plaintiff's motion for a preliminary injunction (ECF No. 106), which had been referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge held a hearing on May 8 and 9, 2018, and filed a report and recommendation on May 31, 2018 (ECF No. 154). The Magistrate Judge recommends that Plaintiff's motion for a preliminary injunction be denied, and Plaintiff timely objected on August 8, 2018 (ECF No. 177.) After reviewing the record, the court overrules the objection, adopts the report and recommendation, and denies Plaintiff's motion for a preliminary injunction.

A district court must review de novo any part of a report and recommendation to which a party objects properly. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The district court's reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). A party must object "with sufficient specificity so as

---

[1] MCTC is the VDOC's psychiatric facility for treating adult male inmates who experience symptoms of a mental disorder.

reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Fourth Circuit explained that:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

De novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano, 687 F.2d at 47. An objection that repeats arguments raised before a magistrate judge is deemed a general objection to the entire the report and recommendation, which is the same as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). A district court is also not required to review any issue de novo when no party objects. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

A district court reviews for clear error any part of a report and recommendation not properly objected to. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Clear error means that a court, after "reviewing . . . the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see FTC v. Ross, 743 F.3d 886, 894 (4th Cir. 2014) (noting a factual finding based on the resolution of conflicting evidence is entitled to deference under the clear error standard).

The court adopts the report and recommendation. Foremost, Plaintiff's objection mostly consists of legal assertions and does not specifically identify an error in the report and recommendation. See, e.g., Orpiano, 687 F.2d at 47; Farmer v. McBride, 177 F. App'x 327, 331 (4th Cir. 2006) (noting a district court does not need to review general and conclusory objections that do not direct the court to a specific error).

Plaintiff's requests for preliminary injunctive relief concern his conditions of confinement at MCTC. Plaintiff wants to prohibit defendants Dr. Lee, Psychologist Madsen, and Warden Robichaux-Watson from participating in Plaintiff's placement, treatment, or care within the VDOC. He also wants them to give him his personal property and to transfer him from segregation and into the general population at a prison serving a diet in conformity with his religious beliefs. Plaintiff later amended the requests, wanting to be transferred to the residential treatment unit at MCTC and to receive Dialectical Behavior Therapy ("DBT"). However, Plaintiff's request about a religious diet is not sufficiently related with the claims in the amended complaint to warrant relief. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the injury claimed in the motion for a preliminary injunction and the conduct giving rise to his complaint); see also In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this nexus, the court should not consider the factors for preliminary injunctive relief).

For the remaining related requests, Plaintiff must establish (1) that he is likely to succeed on the merits, (2) the likelihood of irreparable harm if preliminary injunctive relief is denied, (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 19-22 (2008). A failure to establish any element is fatal. See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir.

2009) ("Winter articulates four requirements, each of which must be satisfied...."). Because Plaintiff wants to change the status quo, he seeks a mandatory injunction that is "disfavored[] and warranted only in the most extraordinary circumstances." In re Microsoft Antitrust Litig., 333 F.3d at 525. Consequently, the court must give an "even more searching" review under Winter than if Plaintiff was seeking to enforce the status quo. Id. Also, the court must be mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Barnett v. Young, No. 5:18-cv-279, 2018 U.S. Dist. LEXIS 117088, at *6, 2018 WL 3405415, at *2 (S.D. W. Va. June 21, 2018). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 38 (2002).

Plaintiff fails to meet the more searching standard to establish that irreparable harm will occur without preliminary relief, that equities tip in his favor, or the public's interest is served with the mandatory preliminary injunction. Plaintiff frames his requests as housing him under less strict supervision and in conditions where he can more freely access personal property and DBT. The record evinces that Plaintiff is a consistent and severe risk to himself while in the state's care and already has controlled access to personal property and legal materials. Plaintiff's history of violence warrants mitigating that risk of self-harm, not amplifying it by being in less restrictive conditions during this lawsuit. Keeping the status quo – staying in more restrictive housing without ready access to makeshift tools of violence – is more likely to physically prevent Plaintiff from irreparably harming himself than freeing him without regard to the step-down treatment programs developed and implemented for him. Furthermore, some mental health programming occurs in Plaintiff's current housing and security level at MCTC although it

does not include DBT. However, Plaintiff has not sufficiently established under Winter that DBT is presently so medically necessary for the court to intervene in the medical and housing decisions at a state psychiatric prison. See Rizzo v. Goode, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief.").

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). The court is not persuaded that it should intervene and compromise security and order during this lawsuit. Accordingly, the court overrules Plaintiff's objection, adopts the report and recommendation, and denies Plaintiff's motion for a preliminary injunction.

ENTER: This 25th day of August, 2018.

/s/ Michael F. Urbanski

Chief United States District Judge